**No. 26-123**

United States Court of Appeals
for the Federal Circuit

—————————————

In re Volkswagen Group of America, Inc.,
*Petitioner.*

—————————————

On Petition for a Writ of Mandamus to the United States Patent
and Trademark Office in IPR2025-00925

**MOTION OF US\*MADE, THE SOFTWARE & INFORMATION INDUSTRY ASSOCIATION, THE NATIONAL RETAIL FEDERATION, THE HIGH TECH INVENTORS ALLIANCE, THE ALLIANCE FOR AUTOMOTIVE INNOVATION, THE COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION, AND ACT|THE APP ASSOCIATION FOR LEAVE TO FILE AS AMICI CURIAE**

Joseph Matal
CLEAR IP, LLC
888 16th St., NW
Suite 300
Washington, DC 20006
(202) 654-4500
Joseph.Matal@clearpatents.com

*Counsel for Amici Curiae*

January 13, 2026

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for amici certifies that:

1. The full names of the parties that I represent are the US Manufacturers Association for Development and Enterprise, the Software & Information Industry Association, the National Retail Federation, the High Tech Inventors Alliance, the Alliance for Automotive Innovation, ACT|The App Association, and the Computer & Communications Industry Association

2. There are no real parties in interest of parties that I represent

3. There are no parent corporations or publicly held companies that own ten percent or more of the stock of the parties that I represent

4. No other law firms, partners, or associates who have not entered an appearance in this appeal either appeared for the parties that I represent in the originating court or are expected to so appear in this Court

5. I do not know of any case in this or any other court or agency that will directly affect or be directly affected by this Court's decision in this case

6.    No disclosure regarding organizational victims in criminal cases or debtors or trustees in bankruptcy cases is required under Fed. R. App. P. 26.1(b) or (c).


January 13, 2026                                    /s/ *Joseph Matal*

## MOTION FOR LEAVE TO FILE

All parties have consented to the filing of amici's brief.

The U.S. Manufacturers Association for Development and Enterprise is a nonprofit association representing companies manufacturing diverse goods in the United States.

The Software & Information Industry Association is the principal trade association for the software and digital information industries.

The National Retail Federation is the world's largest retail trade association.

The Alliance for Automotive Innovation represents the full automotive industry, including the manufacturers producing most vehicles sold in the U.S. and equipment suppliers.

The High Tech Inventors Alliance represents leading technology providers and includes some of the most innovative companies in the world.

The Computer & Communications Industry Association is an international, not-for-profit trade association representing a broad cross section of communications and technology firms.

ACT | The App Association is a global policy trade association that represents entrepreneurs, innovators, and independent

developers within the app ecosystem that engages with verticals across every industry.

Amici believe that their brief may aid the Court in deciding the petition for mandamus relief. The brief discusses the judicial reviewability of agency policies and legal requirements that agencies explain their decisions and follow their own regulations.

Amici respectfully request this Court's leave to file the accompanying amicus brief.

Respectfully submitted,

/s/ *Joseph Matal*

Joseph Matal
CLEAR IP, LLC
888 16th St., NW
Suite 300
Washington, DC 20006
(202) 654-4500
Joseph.Matal@clearpatents.com

*Counsel for Amici Curiae*

Dated: January 13, 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for amici curiae certifies that this brief:

(1)    complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 209 words, including footnotes and excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b); and

(2)    complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared using Microsoft Office Word and is set in the Bookman Old Style font in a size equivalent to 14 points or larger.

Dated:  January 13, 2026                    /s/ *Joseph Matal*

**No. 26-123**

United States Court of Appeals
for the Federal Circuit

In re Volkswagen Group of America, Inc.,
*Petitioner.*

On Petition for a Writ of Mandamus to the United States Patent
and Trademark Office in IPR2025-00925

**CORRECTED BRIEF OF US\*MADE, THE SOFTWARE &
INFORMATION INDUSTRY ASSOCIATION, THE NATIONAL
RETAIL FEDERATION, THE HIGH TECH INVENTORS
ALLIANCE, THE ALLIANCE FOR AUTOMOTIVE INNOVATION,
THE COMPUTER & COMMUNICATIONS INDUSTRY
ASSOCIATION, AND ACT|THE APP ASSOCIATION IN SUPPORT
OF VOLKSWAGEN AND THE PETITION FOR RELIEF**

Joseph Matal
CLEAR IP, LLC
888 16th St., NW
Suite 300
Washington, DC 20006
(202) 654-4500
Joseph.Matal@clearpatents.com

*Counsel for Amici Curiae*

January 13, 2026

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for amici certifies that:

1. The full names of the parties that I represent are the US Manufacturers Association for Development and Enterprise, the Software & Information Industry Association, the National Retail Federation, the High Tech Inventors Alliance, the Alliance for Automotive Innovation, ACT|The App Association, and the Computer & Communications Industry Association

2. There are no real parties in interest of parties that I represent

3. There are no parent corporations or publicly held companies that own ten percent or more of the stock of the parties that I represent

4. No other law firms, partners, or associates who have not entered an appearance in this appeal either appeared for the parties that I represent in the originating court or are expected to so appear in this Court

5. I do not know of any case in this or any other court or agency that will directly affect or be directly affected by this Court's decision in this case

6. No disclosure regarding organizational victims in criminal cases or debtors or trustees in bankruptcy cases is required under Fed. R. App. P. 26.1(b) or (c).

January 13, 2026                                    /s/ *Joseph Matal*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................................................ii

INTEREST OF AMICI CURIAE.........................................................v

ARGUMENT ...........................................................................1

    I.    This Court has both the power and an obligation to correct the USPTO's blatant violation of the Patent Act. ..1

    II.   The USPTO's new "settled expectations" rule is irrational.. ........................................................4

    III. The USPTO's summary denial of PTAB petitions without explanation is illegal. ..............................9

    IV. The new policy of having political appointees make initial institution decisions violates the agency's regulations...14

CONCLUSION ........................................................................18

# TABLE OF AUTHORITIES

***Cases***

*Adams v. United States*, 350 F.3d 1216 (Fed. Cir. 2003) ...............17

*Allgenesis Biotherapeutics Inc. v. Cloudbreak Therapeutics*, LLC, 85 F.4th 1377 (Fed. Cir. 2023) ................................................... 7

*Apple Inc. v. Qualcomm* Inc., 992 F.3d 1378 (Fed. Cir. 2021).......... 7

*Argentum Pharms. LLC v. Novartis Pharmaceuticals Corp.*, 956 F.3d 1374 (Fed. Cir. 2020) ........................................................ 7

*Armour v. City of Indianapolis, Ind.*, 566 U.S. 673 (2012) .............. 8

*Butz v. Economou*, 438 U.S. 478 (1978) .....................................16

*Castaneira v. Noem*, 138 F.4th 540 (D.C Cir. 2025)......................15

*Connections v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1138 (10th Cir. 2019) .....................................................................13

*Constellation Mystic Power, LLC v. FERC*, 45 F.4th 1028 (D.C. Cir. 2022)......................................................................................10

*Cuozzo Speed Techs. v. Lee*, 579 U.S. 261 (2016)........................1, 2

*Deep v. Barr*, 967 F.3d 498 (5th Cir. 2020) .................................10

*DynCorp International, LLC v. United States*, 10 F.4th 1300 (Fed. Cir. 2021) .............................................................................15

*FCC v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009)...............15

*Fort Stewart Schs. v. Federal Labor Rels. Auth.*, 495 U.S. 641 (1990) ...............................................................................................15

*General Electric v. United Techs.¸* 928 F.3d 1349 (Fed. Cir. 2019) ... 7

*Immigrant Def. Law Ctr. v. Noem*, 145 F.4th 972 (9th Cir. 2025)....10

*In re Cambridge Industries USA Inc.*, No. 2026-101 (Dec. 9, 2025).. 1

*Incyte Corp. v. Sun Pharm. Indus.*, Inc., 136 F.4th 1096 (Fed. Cir. 2025) ...................................................................... 7

*Logic Tech. Dev. LLC v. FDA*, 84 F.4th 537 (3d Cir. 2023) ..............10

*Louisville Gas & Elec. Co. v. Fed. Energy Regul. Comm'n*, 988 F.3d 841 (6th Cir. 2021) ......................................................10

*Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29 (1983) ...................................................... 9

*Multicultural Media, Telecom and Internet Council v. FCC*, 873 F.3d 932 (D.C. Cir. 2017)...............................................................11

*Pfizer Inc. v. Chugai Pharm. Co.*, Ltd., 812 F. App'x 979 (Fed. Cir. Apr. 27, 2020)...................................................................... 7

*Physicians for Social Responsibility v. Wheeler*, 956 F.3d 634 (D.C. Cir. 2020) ......................................................................10, 11

*Prairie Band Potawatomi Nation v. Yellen*, 63 F.4th 42 (D.C. Cir. 2022)...............................................................................12

*Thryv, Inc. v. Click-to-Call Techs., LP*, 590 U.S. 45 (2020)............... 1

*United Airlines, Inc. v. TSA*, 20 F.4th 57 (D.C. Cir. 2021) ..............13

*United States v. Nixon*, 418 U.S. 683 (1974) .................................15

*United States v. Roses Inc.*, 706 F.2d 1563 (Fed. Cir. 2003)..........17

*United States v. Skrmetti*, 145 S.Ct. 1816 (Jun. 18, 2025) ............. 7

*Vance v. Bradley*, 440 U.S. 93 (1979) .......................................... 8

*Xia v. Scott*, 129 F.4th 1084 (8th Cir. 2025)................................10

*Zelaya Diaz v. Rosen*, 986 F.3d 687 (7th Cir. 2021) .....................15

**Statutes and Regulations**

35 U.S.C. § 311(a).................................................................... 6

35 U.S.C. § 311(c) .................................................................... 1

35 U.S.C. § 316(b)............................................................................ 7

35 U.S.C. § 321(a)........................................................................... 6

37 C.F.R. § 42.108 ...........................................................................14

***Other Authorities***

Director Institution of AIA Trial Proceedings, October 17, 2025...... 9

Gene Quinn, "Stewart Says USPTO Wants Early Validity
 Challenges, Not Late IPRs," IPWatchdog, Jun. 10, 2025.............. 4

RPX, "The Overlap Between Patents Asserted in District Court and
 Challenged at the PTAB," Jun. 1, 2023..................................... 5

Rules Governing Pre-Issuance Internal Circulation and Review of
 Decisions Within the Patent Trial and Appeal Board, 89 Fed. Reg.
 49808 (Jun. 12, 2024) ............................................................14

Ryan Davis, "Stewart Says New Patent Policies Aim to Bring
 Stability," Law360, Sep. 8, 2025............................................... 4

Ryan Davis, "Stewart Says New Policies Seek Fairness for Patent
 Owners," Law360, Sep. 15, 2025..........................................4, 5

United States Courts, "Judicial Facts and Figures: Civil Cases Filed,
 by Nature of Suit" ................................................................ 5

USPTO, "PTAB Trial Statistics: FY23 End of Year Outcome
 Roundup" .......................................................................... 5

# INTEREST OF AMICI CURIAE

The U.S. Manufacturers Association for Development and Enterprise is a nonprofit association representing companies manufacturing diverse goods in the United States.

The Software & Information Industry Association is the principal trade association for the software and digital information industries.

The National Retail Federation is the world's largest retail trade association.

The Alliance for Automotive Innovation represents the full automotive industry, including the manufacturers producing most vehicles sold in the U.S. and equipment suppliers.

The High Tech Inventors Alliance represents leading technology providers and includes some of the most innovative companies in the world.

The Computer & Communications Industry Association is an international, not-for-profit trade association representing a broad cross section of communications and technology firms.

ACT | The App Association is a global policy trade association that represents entrepreneurs, innovators, and independent

developers within the app ecosystem that engages with verticals across every industry.[1]

---

[1] No counsel for any party wrote any part of this brief. No party other than amici curiae's members contributed money that was intended to fund the preparation or submission of this brief. Although VW is a member of AFAI, it did not participate in the decision to file this brief. This brief is accompanied by a motion seeking leave to file.

**ARGUMENT**

**I.** **This Court has both the power and an obligation to correct the USPTO's blatant violation of the Patent Act.**

In *In re Cambridge Industries USA Inc.*, No. 2026-101 (Dec. 9, 2025), this Court held that a challenge to the USPTO's new "settled expectations" rule "turns on the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review," *id.* at *3 (quoting *Cuozzo Speed Techs. v. Lee*, 579 U.S. 261, 274–75 (2016)), and is therefore unreviewable.

Amici respectfully submit that the USPTO's new rule that no patent can be challenged in an *inter partes* review once it is six years old goes far beyond the "ordinary dispute[s] about the application of an institution-related statute," *Thryv, Inc. v. Click-to-Call Techs., LP*, 590 U.S. 45, 57 (2020), that the Supreme Court has held are unreviewable.

The "settled expectations" doctrine, at bottom, is a rewriting of section 311 and the statutory scope of *inter partes* review. *That* is the section of title 35 that defines the age of the patents that can be challenged in these proceedings. *See* 35 U.S.C. § 311(c) (providing that a petition for *inter partes* review can be filed only after "the date that is 9 months after the grant of the patent").

If the "settled expectations" rule's rewriting of Chapter 31's scope is within § 314(d)'s review bar simply because it is being applied and enforced via institution decisions, then *any* new restriction on the proceedings, no matter how unrelated to the institution criteria of § 314 and § 315, is also unreviewable. The Director could use tarot cards or a Ouija board to deny review. No matter that the occult bears no relation to "statutes related to the [decision to institute]," *Cuozzo*, 579 U.S. at 274–275—once such a policy is applied via institution, then it, too, becomes unreviewable under the logic of *Cambridge Industries*.

Amici are well aware that the mandamus standard employs adverbs—"extraordinary," "plain and indisputable"—that give this Court discretion to stand aloof from what is happening at the agency. This Court, however—with its exclusive jurisdiction over the Patent Act—is inextricably a part of the patent system. In 2025, the USPTO has immunized from agency review patents that are being asserted in hundreds of pending lawsuits, in plain contravention of the Patent Act. Many of these patents would readily be found invalid as obvious if they were reviewed by technically trained judges at the PTAB. But these patents are difficult if not impossible to challenge effectively in

2

infringement trials before lay juries, particularly when the underlying technology is complex.

If what is currently happening at the USPTO remains unchecked, it will eventually result in severe damage to the reputation and integrity of the U.S. patent system.

## II. The USPTO's new "settled expectations" rule is irrational.

The USPTO's "settled expectations" rule effectively bars all PTAB validity review of a patent once it is six years old—and sometimes earlier.[2]  The USPTO's leadership has stated that the rule is intended to compel "early challenges" to a patent, such as via a post-grant review or an *inter partes* review that is filed in the first few years of the life of the patent.[3]

How will "settled expectations" operate in practice? Apparently the USPTO expects that businesses such as the Petitioner would monitor issued patents and published applications in their technology field, determine which of them might one day read on products that they may manufacture in the next decade

---

[2] *See* Ryan Davis, "Stewart Says New Patent Policies Aim to Bring Stability," Law360, Sep. 8, 2025 (noting that although "settled expectations have often been cited in denials when a patent was issued over six years ago, [that] . . 'does not mean that a patent owner cannot establish strong settled expectations on a younger patent.'") (quoting Acting Director Stewart); *see also Amazon.com, Inc. v. Audio Pod IP, LLC*, IPR2025-00768 (Aug. 14, 2025) (applying "settled expectations" to deny review of a patent that is less than five years old); *Alliance Laundry Sys., LLC v. PayRange LLC*, IPR2025-00950 (Sep. 19, 2025) (same).

[3] Ryan Davis, "Stewart Says New Policies Seek Fairness for Patent Owners," Law360, Sep. 15, 2025; Davis, *supra* n. 2; *see also* Gene Quinn, "Stewart Says USPTO Wants Early Validity Challenges, Not Late IPRs," IPWatchdog, Jun. 10, 2025.

and a half, and then file post-grant and early *inter partes* review challenges against those patents that they believe to be invalid.[4]

In a typical year, about three times as many patent-infringement lawsuits are filed as there are PTAB petitions filed.[5] The correspondence between these numbers and the likelihood that an asserted patent will be challenged at the PTAB is not exact. Nevertheless, the best available data indicate that in the decade after the America Invents Act was enacted, the share of patents asserted in court that were subsequently challenged at the PTAB was 28%.[6]

Under the USPTO's proposed reimagining of the post-issuance review system, even assuming some level of coordination among

---

[4] As the Secretary of Commerce has apparently stated, the new policy amounts to "speak now or forever hold your peace." Davis, *supra* n. 3.

[5] In fiscal year 2023, for example, 3259 patent infringement suits and 1239 PTAB petitions were filed. *See* United States Courts, "Judicial Facts and Figures: Civil Cases Filed, by Nature of Suit," available at https://www.uscourts.gov/data-table-report-names/judicial-facts-and-figures; USPTO, "PTAB Trial Statistics: FY23 End of Year Outcome Roundup," available at https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2023__roundup.pdf.

[6] *See* RPX, "The Overlap Between Patents Asserted in District Court and Challenged at the PTAB," Jun. 1, 2023, available at https://perma.cc/5YTN-3QQZ.

potential defendants in the filing of petitions, one might nevertheless conservatively estimate that the USPTO's new "settled expectations" framework would require the filing of almost 100,000 post-grant and *inter partes* review petitions each year.

The burden and expense of these filings is not the only disadvantage that potential defendants would face under the "settled expectations" framework.  Because PTAB petitioners would be required to file their challenges within six years of the patent's issuance, in many cases they would be filing years before they make a product that potentially infringes the patent.  Although PTAB proceedings themselves are available to any party that is "not the owner of [the] patent," 35 U.S.C. §§ 311(a), 321(a), a party must have Article III standing to appeal the outcome of a PTAB proceeding to this Court.  For PTAB petitioners, standing generally requires concrete plans of future activity that creates a substantial risk of infringement; this Court has repeatedly dismissed appeals by petitioners who have not yet made substantial investments in an infringing product.[7]

---

[7] *See, e.g., Incyte Corp. v. Sun Pharm. Indus.*, Inc., 136 F.4th 1096 (Fed. Cir. 2025); *Allgenesis Biotherapeutics Inc. v. Cloudbreak Therapeutics*, LLC, 85 F.4th 1377 (Fed. Cir. 2023); *Apple Inc. v.*

The USPTO's new "settled expectations" framework effectively requires potential future defendants to file pre-emptive challenges to patents and obtain final patentability decisions from the agency for which they would be unable to seek any form of judicial review.

Amici submit that the USPTO's new "settled expectations" system is absurd. No rational governmental decisionmaker could have determined that such a rule serves the "efficient administration of the Office" or "the integrity of the patent system." 35 U.S.C. § 316(b).

All statutes and regulations are subject to rational-basis review—a rule must bear "a rational relation to some legitimate end." *United States v. Skrmetti*, 145 S.Ct. 1816, 1828 (Jun. 18, 2025). There must be at least "a plausible policy reason for the [rule's] classification." *Armour v. City of Indianapolis, Ind.*, 566 U.S. 673, 681 (2012). It must appear that "the legislative facts on which the [rule] is apparently based rationally may have been considered to be true by the governmental decisionmaker." *Id.*; *see also Vance*

---

*Qualcomm* Inc., 992 F.3d 1378 (Fed. Cir. 2021); *Argentum Pharms. LLC v. Novartis Pharmaceuticals Corp.*, 956 F.3d 1374 (Fed. Cir. 2020); *General Electric v. United Techs.,* 928 F.3d 1349 (Fed. Cir. 2019); *Pfizer Inc. v. Chugai Pharm. Co.*, Ltd., 812 F. App'x 979 (Fed. Cir. Apr. 27, 2020).

*v. Bradley*, 440 U.S. 93, 111 (1979) ("[A rule is irrational only if] the legislative facts on which the [rule] is apparently based could not reasonably be conceived to be true by the governmental decisionmaker.").

No governmental decisionmaker could have "reasonably conceived to be true" that American businesses might file, and the USPTO would decide, nearly 100,000 PTAB petitions every year. Nor could businesses reasonably be expected to seek binding agency proceedings whose outcome they cannot appeal. The USPTO's "settled expectations" rule is fundamentally irrational.

## III. The USPTO's summary denial of PTAB petitions without explanation is illegal.

Contemplating the possibility that this Court may issue relief with respect to the USPTO's new institution policies, agency officials had hinted that they "could just issue one-word decisions denying review without explanation."[8] And in a recent rule adopted by memo, the new Director has implemented this approach: he has indicated that he will personally decide whether to institute each of the 1,200 to 1,700 PTAB petitions that are filed each year, and if he "determines that institution is not appropriate, whether based on discretionary considerations, the merits, or other non-discretionary considerations, the Director will issue a summary notice denying institution."[9] Since then, the USPTO has summarily denied 90 PTAB petitions.

This procedure is plainly illegal. The Supreme Court has "frequently reiterated that an agency must cogently explain why it has exercised its discretion in a given manner." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mutual Auto. Ins. Co.*, 463 U.S.

---

[8] Ryan Davis, "Stewart Says New Policies Seek Fairness for Patent Owners," Law360, Sep. 15, 2025.

[9] Director Institution of AIA Trial Proceedings, October 17, 2025, available at https://tinyurl.com/yvk64tut.

29, 48 (1983).  Applying this rule, the regional U.S. Courts of Appeals have consistently required a reasoned explanation for all agency decisions.  They have emphasized that "[i]t is axiomatic that the APA requires an agency to explain its basis for a decision."  *Physicians for Social Responsibility v. Wheeler*, 956 F.3d 634, 644 (D.C. Cir. 2020).  "When an agency acts, it must examine the relevant data and articulate a satisfactory explanation for its action."  *Logic Tech. Dev. LLC v. FDA*, 84 F.4th 537, 549 (3d Cir. 2023).  "If it does not, the agency has failed to engage in reasoned decisionmaking, and the APA requires the agency action be set aside."  *Id.* (citations omitted).[10]

---

[10] *See also Deep v. Barr*, 967 F.3d 498, 503 (5th Cir. 2020) ("[A]n agency is not required to write an exegesis on every contention.  What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."); *Louisville Gas & Elec. Co. v. Fed. Energy Regul. Comm'n*, 988 F.3d 841, 846 (6th Cir. 2021) ("[I]n all cases agencies must engage in reasoned decisionmaking.  They must . . . articulate a satisfactory explanation for their action.") (citations omitted); *Xia v. Scott*, 129 F.4th 1084, 1087 (8th Cir. 2025) ("An agency decision is arbitrary and capricious if it . . . provides no meaningful explanation for its conclusions."); *Immigrant Def. Law Ctr. v. Noem*, 145 F.4th 972, 992 (9th Cir. 2025) ("[T]he agency must examine relevant data and articulate a satisfactory explanation for its action."); *Constellation Mystic Power, LLC v. FERC*, 45 F.4th 1028, 1055 (D.C. Cir. 2022) ("[W]hen an agency fails to provide an intelligible explanation for its decision, it has failed to engage in reasoned decisionmaking and we remand for further explanation.")  (citations omitted).

Notably, the requirement for an agency to explain its actions applies even when the underlying decision is discretionary. In *Physicians for Social Responsibility*, for example, the D.C. Circuit reviewed an EPA directive that barred the recipients of EPA grants from serving on EPA advisory committees. *See* 956 F.3d at 638. The Court noted that the relevant regulations provided that advisory committee members "serve at the pleasure of the [agency]" and that their "membership terms are at the sole discretion of the agency." *Id.* at 640 (quoting 41 C.F.R. § 102-3.130(a)). The district court had dismissed the action on the basis that the agency's decision "was committed to agency discretion by law." *Id.* at 641.

The Court of Appeals reversed. Rejecting the notion that there was 'no law to apply,' it emphasized that it had found a basis for judicial review in "far more permissive and indeterminate language"—such a statute that provided that an agency "may excuse a failure to file if it finds it to be in the interests of justice." *Id.* at 643 (discussing *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1398 (D.C. Cir. 1995)). The D.C. Circuit reviewed the EPA's decision and found that the agency had failed to "articulate a satisfactory explanation for its action." *Id.* at 644 (quoting *State Farm*, 463 U.S. at 43).

Similarly, *Multicultural Media, Telecom and Internet Council v. FCC*, 873 F.3d 932 (D.C. Cir. 2017), reviewed a challenge to the FCC's decision to gather more information before issuing a regulation requiring broadcasters to issue emergency alerts in multiple languages. *See id.* at 935. Despite its conclusion that "the FCC has discretion" as to whether to require broadcasters to translate emergency messages, *id.*, the Court of Appeals nevertheless held that "the agency's exercise of discretion must be . . . reasonably explained." *Id.* at 937.

Even a decision as to how to spend a lump-sum appropriation— one of the types of inherently unreviewable decisions, *see Lincoln v. Vigil*, 508 U.S. 182, 191-2 (1993)—is nevertheless required to be reasonably explained. *Prairie Band Potawatomi Nation v. Yellen*, 63 F.4th 42 (D.C. Cir. 2022), heard a challenge to the distribution of COVID relief funds to Indian tribes. *See id.* at 44. The agency proposed additional allocations from available funds to tribes that had been undercounted in the previous year. *See id.* at 44. A tribe challenged how the undercount was calculated, noting that it received less money per capita than another tribe. *See id.* at 45, 46.

The D.C. Circuit held that even when agencies have "wide discretion," they still "must cogently explain why discretion was

exercised in a given manner." *Id.* at 46 (quoting *State Farm*, 463 U.S. at 48). It reversed and remanded the Treasury Department's allocation, holding that "[a]bsent further explanation," the agency's distribution of funds "treats similar situations in dissimilar ways contrary to the principles of reasoned decisionmaking." *Id.* at 47 (quoting *Garrett v. FCC*, 513 F.2d 1056, 1060 (D.C. Cir. 1975)).[11]

Under the USPTO's new policy of refusing to explain institution decisions, it will be impossible to determine if an institution decision treats "similar situations in dissimilar ways," *Prairie Band*, 64 F.4th at 47, was entirely arbitrary, or was influenced by an improper motive. Even constitutional limits are unenforceable if the USPTO is not required to give a reason for its decisions. This Court should enforce the rule that is applied in every other U.S. Court of Appeals and require the USPTO to explain its institution decisions.

---

[11] *See also United Airlines, Inc. v. TSA*, 20 F.4th 57, 63-64 (D.C. Cir. 2021) (requiring explanation of a discretionary decision); *New Mexico Health Connections v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1138, 1167 (10th Cir. 2019) ("The APA's requirement that an agency explain its decision applies when the agency exercises its discretion.").

## IV. The new policy of having political appointees make initial institution decisions violates the agency's regulations.

The USPTO has long had regulations in place that delegate at least the initial institution decision to a PTAB panel. *See* 37 C.F.R. § 42.108. In addition, in 2024, the USPTO promulgated regulations that prohibit agency political appointees and supervisory officials from interfering in PTAB adjudications that are pending before a panel.[12] These regulations were adopted in response to a Government Accountability Office investigation and report that found that USPTO officials had broadly interfered in PTAB decisionmaking in AIA cases, particularly with respect to institution decisions.[13] The report described a Star Chamber-like process in which administrative judges' decisions were rewritten without their consent and without their even knowing who had rewritten them.[14]

Under these regulations, the Director can still make the ultimate decision as to institution or final merits of a PTAB

---

[12] *See* Rules Governing Pre-Issuance Internal Circulation and Review of Decisions Within the Patent Trial and Appeal Board, 89 Fed. Reg. 49808 (Jun. 12, 2024).

[13] *See* United States Government Accountability Office, Patent Trial and Appeal Board: Preliminary Observations on Oversight of Judicial Decision-Making, July 21, 2022, available at https://www.gao.gov/assets/gao-22-106121.pdf.

[14] *See id.* at 18.

proceeding, but only after the case has initially been decided by a panel.

The USPTO's new process in which political appointees make initial institution decisions—adopted without any change to these regulations—is illegal. "It is a familiar rule of administrative law that an agency must abide by its own regulations." *Fort Stewart Schs. v. Federal Labor Rels. Auth.*, 495 U.S. 641, 654 (1990); *see also FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) ("An agency may not . . . depart from a prior policy sub silentio or simply disregard rules that are still on the books."). "So long as [a] regulation is extant it has the force of law." *United States v. Nixon*, 418 U.S. 683, 695 (1974); *see also DynCorp International, LLC v. United States*, 10 F.4th 1300, 1311 (Fed. Cir. 2021) ("Naturally, an agency has no discretion to disregard binding regulations.").

Agencies are obligated to follow their own regulations even when those regulations govern actions that are "discretionary:"

> Even where Congress has accorded an agency broad discretion, if the agency itself chooses to bind itself to published procedures, this choice means that it must then exercise its own discretion in accordance with its own existing valid regulations and binding precedents.

*Castaneira v. Noem*, 138 F.4th 540, 551 (D.C Cir. 2025) (citations omitted); *see also Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir.

15

2021) ("[F]ederal agencies are required to follow their own regulations and some other formally adopted procedures, including those that govern exercises of an agency's discretion.").

The USPTO's regulations assigning initial institution decisions to regular PTAB panels and insulating those decisions from political interference also protect important constitutional values. PTAB trial decisions are not ordinary agency actions—they are *adjudicative* decisions that address valuable property rights. Both patent owners and petitioners often have much at stake in these proceedings.

The Supreme Court has made clear its expectation that such administrative adjudications will be "structured so as to assure that the hearing examiner exercises his independent judgment on the evidence before him, free from pressures by the parties or other officials within the agency." *Butz v. Economou*, 438 U.S. 478, 513 (1978).[15] The Court also has placed emphasis on the Administrative Procedure Act's guarantee that agency judges are "assigned to cases in rotation so far as is practicable." *Id.* at 514. Adherence to the

_____

[15] *See also* Paul R. Gugliuzza, *Our _____ Patent System*, U. of Texas Law, Legal Studies Research Paper (Nov. 2025) at 47 ("Consolidating in a single person power over patents worth millions of dollars also raises the risk that that power will be exercised in the Director's own self-interest, not the public's interest.").

existing regulations would protect these rights—while also creating a clear administrative record that would allow the parties and the Court to determine whether the USPTO's actions are lawful.

Finally, although in the ordinary course "a presumption of regularity attaches to the actions of Government agencies," *Adams v. United States*, 350 F.3d 1216, 1228 (Fed. Cir. 2003) (citation omitted), "the presumption operates in reverse" when an agency takes "action that on its face appears irregular." *United States v. Roses Inc.*, 706 F.2d 1563, 1567 (Fed. Cir. 2003) (improper ex parte contacts violated agency rules and rendered actions irregular). Where, as here, an administrative agency's course of action plainly violates the agency's rules, the agency is not entitled to a presumption of regularity. *See id.* ("If it appears irregular, it is irregular.").

# CONCLUSION

The petition for relief should be granted.

Respectfully submitted,

/s/ *Joseph Matal*

Joseph Matal
CLEAR IP, LLC
888 16th St., NW
Suite 300
Washington, DC 20006
(202) 654-4500
Joseph.Matal@clearpatents.com

*Counsel for Amici Curiae*

Dated:  January 13, 2026

# Addendum

The following are PTAB petitions that have been denied under the USPTO's "settled expectations" rule since that rule was announced on June 18, 2025. The total number of such petitions is 201. Of these petitions, 83 were also denied under the retroactive changes to the *Fintiv* rule.

*Micron Tech., Inc. v. Palisade Techs., LLP*, IPR2025-01008, -01009 (Oct. 17, 2025) (9 and 12 years); *Intel Corp. and Dell Techs. Inc. v. General Video, LLC*, IPR2025-01036, -01037, -01038, -01039 (Oct. 17, 2025) (7, 10, and 17 years); *Nissan Motor Co., Ltd. v. Longhorn Automotive Grp. LLC*, IPR2025-01089 (Oct. 17, 2025) (16 years; *Fintived* also); *Amazon.com, Inc. v. SoundClear Techs. LLC*, IPR2025-01067, -01080, -01096 (Oct. 17, 2025) (8 and 10 years); *Apple Inc. v. Advanced Coding Techs. LLC*, IPR2025-01070, -01158 (Oct. 17, 2025) (10 and 6 years); *Google LLC v. Cellular South, Inc.*, IPR2025-00875, -00976 (Oct. 17, 2025) (6 and 7 years); *Samsung Elecs. Co., Ltd v. W&Wsens Devices Inc.*, IPR2025-00995, -00996 (Oct. 17, 2025) (6 years; *Fintived* also); *Qualcomm Inc. v. Collabo Innovations, Inc.*, IPR2025-01015 (Oct. 10, 2025) (14 years); *Hisense USA Corp. v. VideoLabs, Inc.*, IPR2025-00880, -00881, -00882, -00883 (Oct. 10, 2025) (11 and 12 years); *Google LLC v. Advanced Coding Techs. LLC*, IPR2025-00998, 00999, -01000 (Oct. 10, 2025) (6, 7, and 13 years; *Fintived* also); *OmniVision Techs., Inc. v. RE Secured Networks, LLC*, IPR2025-01019 (Oct. 10, 2025) (20 years; expired); *Empower Clinic Services, L.L.C. (d/b/a Empower Pharmacy) v. Eli Lilly & Co.*, IPR2025-01024 (Oct. 10, 2025) (9 years); *Astera Mfg. Ltd. and Chauvet & Sons, LLC v. ElectraLED Inc.*, IPR2025-01022 (Oct. 10, 2025) (15 years); *United Microelectronics Corp. and UMC Group (USA) v. Advanced Integrated Circuit Process LLC*, IPR2025-01053, -01076, -01079, -01090, -01091, -01092, -01093 (Oct. 10, 2025) (10, 11, 12, 13, 14, and 16 years; *Fintived* also); *OnePlus Tech. (Shenzhen) Co., Ltd. v. Pantech Corp.*, IPR2025-00720, -00887, -00888 (Oct. 3, 2025) (8, 9, and 10 years); *FLSmidth Inc. v. Metso Finland Oy*, IPR2025-00985 (Oct. 3, 2025) (8 years); *Apple Inc. v. Advanced Coding Techs. LLC*, IPR2025-00983, -00984, -00991 (Oct. 3, 2025) (6, 7, and 13 years); *Treasure Garden, Inc. v. ATLeisure, LLC*, IPR2025-01005, -01006 (Oct. 3, 2025) (13 years); *Amazon.com, Inc. v. Audio Pod IP, LLC*, IPR2025-01003, -01041 (Oct. 3, 2025) (5 and 8 years); *Coretronic Corp. v. Maxell, Ltd.*, IPR2025-00941, -

00942 (Sep. 26, 2025) (7 and 8 years; *Fintived* also); *Maplebear Inc. d/b/a Instacart v. Fall Line Patents, LLC*, IPR2025-00958 (Sep. 26, 2025) (9 years; *Fintived* also); *Samsung Elecs. Co., Ltd. v. Headwater Rsch. LLC*, IPR2025-00932, -00963 (Sep. 26, 2025) (7 years; *Fintived* also); *Be Smarter, LLC and James Guerra v. Yonder, Inc.*, IPR2025-00970 (Sep. 26, 2025) (8 years; *Fintived* also); *L'Oréal USA, Inc. v. Brightex Bio-Photonics, LLC*, IPR2025-00971 (Sep. 26, 2025) (8 years); *Oracle Corp. v. VirtaMove Corp.*, IPR2025-00964, -00965, -00966, -00981, -00982, -01001, -01002 (Sep. 26, 2025) (14 years); *Toyota Motor Corp. v. AutoConnect Holdings LLC*, IPR2025-00890, -00891 (Sep. 19, 2025) (11 and 10 years); *Lenovo (United States) Inc. and Motorola Mobility LLC v. Collision Commc'ns, Inc.*, IPR2025-00927 (Sep. 19, 2025) (16 years; *Fintived* also); *Alliance Laundry Sys., LLC v. PayRange LLC*, IPR2025-00950 (Sep. 19, 2025) (4 years); *Koito Mfg. Co. Ltd. v. Longhorn Automotive Group LLC*, IPR2025-00955 (Sep. 19, 2025) (11 years; *Fintived* also); *Docker Inc. v. Intellectual Ventures II LLC*, IPR2025-00840 (Sep. 19, 2025) (12 years; *Fintived* also); *NVIDIA Corp. v. Neural AI, LLC*, IPR2025-00609, -00610 (Sep. 12, 2025) (11 and 10 years; *Fintived* also); *OnePlus Technology (Shenzhen) Co., Ltd. v. Pantech Corp.*, IPR2025-00783 (Sep. 12, 2025) (9 years); *Belden Inc. and PPC Broadband, Inc. v. CommScope, Inc. of North Carolina*, IPR2025-00833 (Sep. 12, 2025) (9 years); *Samsung Elecs. Co. Ltd. v. VB Assets, LLC*, IPR2025-00866, -00867, -00868, -00869 (Sep. 14, 2025) (10 years); *Kangxi Commc'ns Techs. v. Skyworks Sols. Canada, Inc.*, IPR2025-00912 (Sep. 12, 2025) (17 years); *Volkswagen Group of America, Inc., and Audi AG v. Longhorn Automotive Group LLC*, IPR2025-00925 (Sep. 12, 2025) (13 years); *Geotab Inc. v. Fractus, S.A.*, IPR2025-00928, -00929 (Sep. 12, 2025) (12 years); *NKT Photonics Inc. v. Omni Continuum LLC*, IPR2025-00839 (Sep. 4, 2025) (17 years); *TSMC v. Advanced Integrated Circuit Process LLC*, IPR2025-00828, -00829, -00830, -00831, -00832 (Sep. 3, 2025) (11 and 13 years; *Fintived* also); *JinkoSolar Co., Ltd. v. LONGi Green Energy Tech. Co. Ltd.*, IPR2025-00859 (Sep. 3, 2025) (10 years; *Fintived* also); *Advanced Micro Devices, Inc. v. Advanced Cluster Sys., Inc.*, IPR2025-00862, -00863 (Sep. 3, 2025) (6 years); *TSMC Ltd. and Apple Inc. v. Marlin Semiconductor Ltd.*, IPR2025-00848, -00864, -00865, -00879 (Sep. 3, 2025) (7, 9, and 10 years; *Fintived* also); *Yangtze Memory Techs. Co., Ltd. v. Micron Tech., Inc.*, IPR2025-00498, -00499, -00500, -00501 (Aug. 14, 2025) (6 and 10 years); *Samsung Elecs. Co., Ltd. v. Mobile Data Techs., LLC*, IPR2025-

00537, -00538, -00539, -00540, -00541, -00542, -00543, -00544 (Aug. 14, 2025) (8 and 10 years; *Fintived* also); *OnePlus Technology (Shenzhen) Co., Ltd. v. Pantech Corp.*, IPR2025-00637 (Aug. 14, 2025) (7 years); *Samsung Elecs. Co., Ltd. v. iCashe, Inc.*, IPR2025-00639, -00640, -00642, -00643, -00644 (Aug. 14, 2025) (8, 9, and 12 years; *Fintived* also); *Microsoft Corp. v. Dialect, LLC*, IPR2025-00655, -00656, -00657, -00658, -00659 (Aug. 14, 2025) (8, 9, 12, 13, and 15 years; *Fintived* also); *HS Hyosung Advanced Materials Corp. v. Kolon Industries, Inc.*, IPR2025-00662, -00663, -00664 (Aug. 14, 2025) (6, 7 and 9 years); *TSMC Ltd. v. Advanced Integrated Circuit Process LLC*, IPR2025-00682, -00683 (Aug. 14, 2025) (11 and 13 years; *Fintived* also); *DataDome S.A. v. Arkose Labs Holdings, Inc.*, IPR2025-00693, -00694 (Aug. 14, 2025); (17 and 10 years; *Fintived* also); *Microsoft Corp. v. TS-Optics Corp.*, IPR2025-00767 (Aug. 14, 2025) (17 years); *Amazon.com, Inc. v. Audio Pod IP, LLC*, IPR2025-00757, -00765, -00768, -00769, -00774, -00777 (Aug. 14, 2025); (4, 7, 9, and 11 years); *Samsung Elecs. Co., Ltd. v. GenghisComm Holdings, LLC*, IPR2025-00780, -00781 (Aug. 14, 2025) (6 and 8 years; *Fintived* also); *Intel Corp. v. Advanced Cluster Sys., Inc.*, IPR2025-00794, -00795 (Aug. 14, 2025) (6 years); *Google LLC v. SoundClear Techs. LLC*, IPR2025-00344, -00345 (Aug. 4, 2025) (10 years); *Transcend Information Inc. v. Truesight Communications LLC*, IPR2025-00723 (Aug. 4, 2025) (10 years; *Fintived* also); *NVIDIA Corp. v. Neural AI, LLC*, IPR2025-00606, -00608 (Jul. 31, 2025) (11 and 10 years; *Fintived* also); *TankLogix, LLC v. SitePro, Inc.*, IPR2025-00647, -00648, -00649 (Jul. 31, 2025) (7, 11, and 9 years); *SmartSky Networks LLC v. Gogo Business Aviation LLC*, IPR2025-00672 (Jul. 31, 2025) (7 years); *Kahoot! AS v. Interstellar Inc.*, IPR2025-00696 (Jul. 31, 2025) ) (6 years); *Dentsply Sirona Inc. v. Osseo Imaging, LLC*, IPR2025-00771, -00772, -00787 (Jul. 31, 2025) (23, 22, and 20 years; all expired); *BOE Technology Group Co., Ltd. v. Optronic Sciences LLC*, IPR2025-00238, -00239 (Jul. 29, 2025) (12 years; *Fintived* also); *Murata Manufacturing Co., LTD v. Georgia Tech Rsch. Corp.*, IPR2025-00383, -00384 (Jul. 29, 2025) (16 years); *Roche Diabetes Care, Inc. v. Trividia Health, Inc.*, IPR2025-00553 (Jul. 29, 2025) (13 years); *Amazon.com, Inc. v. KAIFI LLC*, IPR2025-00624, -00625, -00627 (Jul. 29, 2025) (14, 10, and 15 years; *Fintived* also); *T-Mobile USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a/ Verizon Wireless, Ericsson Inc., and Nokia of America Corporation v. Smart RF, Inc.*, IP2025-00612, -00692, -00727 (Jul. 29, 2025); (14, 8, and 9 years;

*Fintived* also); *Amgen, Inc. v. Bristol-Meyers Squibb Co.*, IPR2025-00601, -00602 (Jul. 24, 2025) (6 and 7 years); *Gator Bio Inc. v. Sartorius Bioanalytical Instruments, Inc.*, IPR2025-00633 (Jul. 24, 2025) (11 years); *IBM Corp. v. Virtamove Corp.*, IPR2025-00591, -00599 (Jul. 17, 2025) (15 years; *Fintived* also); *Samsung Elecs. Co. Ltd. v. OS-New Horizon Personal Computing Solutions Ltd.*, IPR2025-00613 (Jul. 17, 2025) (12 years; *Fintived* also); *Kangxi Commc'n Techs. (Shanghai) Co., Ltd. v. Skyworks Sols., Inc.*, IPR2025-00372, -00373 (Jul. 16, 2025) (7 and 14 years; *Fintived* also); *Sandisk Techs., Inc. v. Polaris PowerLED Techs., LLC*, IPR2025-00515, -00516, -00517 (Jul. 16, 2025) (9 and 12 years); *Analog Devices, Inc. v. Number 14 B.V.*, IPR2025-00550, -00551 (Jul. 16, 2025) (14 years); *Kingston Tech. Co., Inc. v. Vervain, LLC*, IPR2025-00614, -00616 (Jul. 16, 2025); (10 years; *Fintived* also); *Amazon.com, Inc. v. Virtamove Corp.*, IPR2025-00561, -00563, -00566 (Jul. 11, 2025) (14 years); *Google LLC v. Virtamove Corp.*, IPR2025-00487, -00488, -00489, -00490 (Jul. 11, 2025) (14 years); *SAP America, Inc. v. Valtrus Innovations Ltd.*, IPR2025-00414, -00415, -00416, -00417, -00418, -00420 (Jul. 10, 2025) (17 and 20 years); *Coretronic Corp. v Maxell, Ltd.*, IPR2025-00474, -00476, -00477 (Jul. 10, 2025) (8, 12, and 15 years); *NXP USA, Inc. and Qualcomm Inc. v. Redstone Logics LLC*, IPR2025-00485 (Jul. 10, 2025) (12 years; *Fintived* also); *Samsung Elecs. Co. Ltd. v. Mobile Data Techs., LLC*, IPR2025-00535, -00536 (Jul. 10, 2025) (10 years; *Fintived* also); *Carvana, LLC v. IBM*, IPR2025-00564 (Jul. 10, 2025) (15 years); *Apotex Inc. v. Alkermes Pharma Ireland Ltd.*, IPR2025-00514 (Jul. 2, 2025) (14 years); *Samsung Elecs. Co., Ltd. v. Sinotechnix LLC*, IPR2025-00331, -00333, -00335, -00336 (Jul. 2, 2025) (10 years; *Fintived* also); *Cambridge Industries USA Inc. v. Applied Optoelectronics Inc.*, IPR2025-00433, -00435 (Jun. 27, 2025) (7 and 9 years); *Sig Sauer Inc v. Lone Star Future Weapons Inc.*, IPR2025-00410 (Jun. 26, 2025) (10 years); *Intel Corp v. Proxense LLC*, IPR2025-00327, -00328, -00329 (Jun. 26, 2025) (9 years); *Dabico Airport Solutions Inc v. AXA Power ApS*, IPR2025-00408 (Jun. 18, 2025) (8 years).

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for amici curiae certifies that this brief:

(3)   complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(b)(5) and Federal Circuit Rule 21(e) because it contains 3,543 words, including footnotes and excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b); and

(4)   complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared using Microsoft Office Word and is set in the Bookman Old Style font in a size equivalent to 14 points or larger.

Dated:  January 13, 2026                    /s/ *Joseph Matal*